By the Court.—Jones, J.
The motion to dismiss the complaint should have been granted.
The evidence established that the money which was received from the wife by the husband and which went to the purchase of the stock and fixtures of the store in question, was acquired by the wife in England when the parties intermarried. According to the common law (which is the only law that we can judicially notice *55 as obtaining in England), this money was the property of the husband. If the property in it had not changed into the wife prior to the delivery of it to him, it was at the time he received' it, still his. It would, from this, necessarily follow, that the stock and fixtures purchased by him with it, belonged to him. The fact that the wife assumed to make him the agent for its purchase, and the subsequent carrying on of the business and that he assumed to act as such, does not change the property in the chattels ; they still remain his, and the profits derived from their sale are his.
It is true, that under our laws a married woman may carry on a separate business on her own behalf,
' and be entitled to all the goods, property and profits acquired therein, as of her own sole and separate estate, that she employ agents in the carrying on of such business, and may even employ her husband as agent; but if she undertakes to carry on a business of retailing goods, the whole stock with which she commences business being the property of her husband, employing her husband as agent, the law will as to creditors of the husband regard the business as his, and the profits, accretions and new stock purchased as belonging to him, except perhaps as to such new stock which the wife can identify and prove as having been bought on her credit and not paid for, or with her money with the intent that the property therein should be hers.
If, then, the money which purchased the stock and fixtures of the store in Canal-street, was the husband’s, the business there carried on was, as to his creditors, his ; and it not appearing that a single article was purchased on her credit or with her money, the whole stock was subject to levy and sale under execution issued at the suit of the husband’s creditors.
The question then is whether the property in the money was changed into the wife prior to its delivery by her to him.
*56 It devolved on the plaintiff to show such change of property. All that she has shown on that subject is that she had the money in her possession when she came to this country, that she retained it in her own possession ever since until she delivered it to her husband. It is not shown that the husband ever did an act, or said a word indicating an intention to part with his rights of property.
It was urged, however, that a transfer of the property might be presumed from the husband’s acquiescence in the wife’s possession, his asking her for a loan of a portion of the money, his payment back of a part, and promise to repay the whole.
If it had appeared that he had ever had possession ■ of the money, or perhaps even that he had made a claim of ownership to it, a gift might perhaps be inferred from this acquiescence and those acts.
Nothing of this kind, however, appears. The clear-inference from the evidence is that both parties sup- , posed that the property belonged to the wife by law ; either by a transfer effected by the mere force of our State law, by means of the parties having been domiciled in this State, or by force of some statutory provision of the English law. This excludes any presumption of a gift or transfer by the husband arising from any act or conduct of the parties.
If they supposed that under our State laws the property by the mere force thereof was transferred to the wife, they were clearly in error ; whether the supposition that the property belonged to the wife by force of some statutory provision in the English law is correct or not, we are not at liberty to say, for no statutory ' provision of that country bearing on the subject was proved on the trial.
It follows that no change of property in the money from the husband to the wife was shown, and in consequence for the reasons above set forth the property *57 attached and sold under the judgment belonged to the husband and was liable to be applied to his debts.
Judgment reversed, and new trial ordered with costs to appellants, to abide the event.